UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS ANGEL PESQUERA, #216515,

        Petitioner,

v.                                            CASE NO. 2:20-CV-10168
                                            HONORABLE ARTHUR J. TARNOW

BRYAN MORRISON,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

      Michigan prisoner Luis Angel Pesquera ("Petitioner"), proceeding pro se, has filed a request for authorization to proceed on a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a brief in support of his petition. Petitioner was convicted of two counts of first-degree criminal sexual conduct and five counts of second-degree criminal sexual conduct following a jury trial in the Monroe County Circuit Court in 1996. He was sentenced as a second habitual offender to concurrent terms of life imprisonment on the first-degree convictions and concurrent terms of 15 to 22 ½ years imprisonment on the second-degree convictions. In his habeas petition, he raises claims concerning his entitlement to post-judgment relief under state law, the validity of his sentence, and the effectiveness of defense counsel. Petitioner has previously filed a habeas petition in federal court challenging the same convictions. For the following reasons, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

1

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has previously filed a federal habeas petition challenging the same state court convictions at issue in the instant petition, which was denied and dismissed with prejudice. *See Pequera v. Jackson*, No. 06-CV-10186, 2007 WL 2874219 (E.D. Mich. Sept. 25, 2007) (dismissing petition because the claims lacked merit and some claims were procedurally defaulted). The Sixth Circuit has also previously denied him permission to proceed on a second or successive petition. *See Pesquera v. Jackson*, No. 13-1648 (6th Cir. Nov. 6, 2013). Petitioner now seeks, but has not yet obtained, appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47

---

[1]28 U.S.C. § 1631 provides in pertinent part that:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually

(6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 31, 2020

---

filed in . . . the court from which it was transferred.